ROBERT BRUCE DUNN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dunn v. Commissioner
Docket No. 7900-75.
United States Tax Court
T.C. Memo 1978-168; 1978 Tax Ct. Memo LEXIS 346; 37 T.C.M. (CCH) 728; T.C.M. (RIA) 780168; May 8, 1978, Filed Robert Bruce Dunn, pro se. Rebecca T. Hill, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in, and under section 6651(a)(1), I.R.C. 1954 and section 6653(a) additions to, petitioner's Federal income tax for the calendar year 1972 in the amounts of $3,678, $103 and $271, respectively. The issues for decision involved the reported income (loss) of D/L Company, a partnership, and petitioner's one-half distributive share of said income (loss). Based upon *347 the evidence presented, respondent's trial statement, concessions by the parties, and findings of the Court all the issues, including the additions to tax, have been resolved. Petitioner, Robert Bruce Dunn, resided in the Balboa Canal Zone at the time the petition herein was filed. His Federal income tax return for the taxable year 1972 was untimely filed on April 17, 1973 with the internal revenue service center, San Francisco, California. Petitioner and Faye Lew each have a 50 percent partnership interest in D/L Company (hereinafter D/L). In January 1972, D/L purchased an apartment building at 601 Lake Street, San Francisco, California. In addition to the apartment building, D/L owns several desert lots. The building and the lots were D/L's only assets in 1972. Respondent in his notice of deficiency, dated May 30, 1975, made several adjustments to the ordinary net income (loss) of D/L for its taxable year ended December 31, 1972 and based upon the record presented, respondent's statements at trial and agreements between the parties, we find D/L's 1972 net ordinary income (loss) as follows: Reported on
Respondent's
Respondent's
Correct Items in Dispute
1972 Return
Adjustments
Revised Amounts
Amounts
Gross receipts
$ 15,486
$ 14,452
$ 29,938
$ 15,486 [1]
Depreciation on building
Cost of apartment bldg.
(excluding land)
28,279
80,741
109,020
109,020
Useful life
20 yrs.
30 yrs.
30 yrs.
30 yrs.
1972 Depreciation on bldg.
1,131
2,200
3,331
3,331 [2]
Additional 1st yr.
depreciation
6,606
(6,606)
0
0 [3]
Depreciation on furniture
and fixtures
380
(380)
0
380
Repairs
2,950
(2,950)
0
2,950
Interest expense
9,765
(1,064)
8,701
9,765
Taxes
2,519
(167)
2,352
2,519
Other deductions
1,492
(1,048)
444
1,492
1972 Ordinary net income (loss)
(9,357)
24,467
15,110
(4,951)
Petitioner's distributive share
(4,679)
12,234
7,555
(2,476)
*348 Finally respondent has conceded that petitioner is not liable for the asserted additions to tax under sections 6651(a)(1) and 6653(a). Decision will be entered under Rule 155. Footnotes
1. Respondent has confessed that he made a mathematical error in the amount of $5,198 and the remaining amount of the adjustment, $9,254, was a capital contribution and not income to D/L. ↩
2. Both parties used the straight line method of computing depreciation. ↩
3. Real property does not qualify for additional first year depreciation under section 179.↩